IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY COLLINS, | : |
| Petitioner, | : |
| v. | : Civil Action No. 08-864-JJF |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

---

Johnny Collins. <u>Pro Se</u> Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

January 4, 2010
Wilmington, Delaware

Farnan, District Judge *Joseph J. Farnan Jr.*

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Johnny Collins ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In March 2003, Petitioner was indicted on one charge of first degree rape and one charge of failure to register as a sex offender. The charges stemmed from Petitioner's January 2003 arrest in Georgia, after the 14-year-old daughter of his former girlfriend named Petitioner as the man who had impregnated her. The victim terminated the pregnancy, and DNA testing demonstrated a 99.99999988 percent probability that Petitioner was the father of the aborted child. In October 2003, a Delaware Superior Court jury convicted Petition of first degree rape; the prosecutor entered a nolle prosequi as to the failure to register charge. The Superior Court sentenced Petitioner to life in prison. Petitioner filed a notice of appeal, and the Delaware Supreme Court affirmed Petitioner's conviction and sentence. Collins v. State, 862 A.2d 385 (Table), 2004 WL 2297402 (Del. Oct. 7, 2004).

1

In October 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Court Rule 61 ("first Rule 61 motion").  The Delaware Superior Court denied the Rule 61 motion in August 2007.  State v. Collins, 2007 WL 2429373 (Del. Super Ct. Aug. 28, 2007)  Three weeks later, Petitioner filed a second motion for post-conviction relief under Rule 61 ("second Rule 61 motion"), which the Delaware Superior Court summarily denied.  State v. Collins, 2007 WL 4166214 (Del. Super. Ct. Oct. 1, 2007).  Petitioner filed a notice of appeal regarding the denial of his first Rule 61 motion, but the Delaware Supreme Court dismissed the appeal as untimely.  Collins v. State, 940 A.2d 945 (Table), 2007 WL 4100160 (Del. Nov. 19, 2007).

## II.  DISCUSSION

Petitioner filed the instant Petition for federal habeas relief in November 2008, asserting four grounds for relief:  (1) defense counsel provided ineffective assistance by failing to give Petitioner prior notice of his trial date and discuss strategy with Petitioner, and by failing to investigate and prepare for trial;  (2) the trial judge failed to grant a continuance despite Petitioner's lack of notice and resulting inability to present witnesses;  (3)  Petitioner was denied his Sixth Amendment right to represent himself; and (4) the jury selection process was unfair because Petitioner was not included

in the sidebar questioning of the jurors. (D.I. 2.) Respondents filed an Answer requesting the Court dismiss the Petition as untimely, or alternatively, because the claims are procedurally defaulted. (D.I. 18.) As explained below, the Court will deny the Petition as time-barred.

**A. One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, dated 2008, is subject to the one-year

limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. The Court cannot discern any facts triggering the application of § 2244(d)(1)(B), (C), or (D).[1] Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on October 7, 2004, and he did not seek certiorari review in the United States Supreme Court. As a result, Petitioner's conviction became final on January 5, 2005, and applying the one-year limitations period to that date, Petitioner had until January 5, 2006 to timely file his Petition. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitations period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court.); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Pursuant to the prison mailbox rule, the Petition was filed on November 13, 2008. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted

---

[1] Petitioner states that the limitations period should run from the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence without providing any explanation. (D.I. 2, at ¶ 18.) However, Petitioner has not alleged any claim based on a factual predicate dating beyond his trial.

documents to prison authorities is to be considered the actual filing date). Thus, the Petition was filed almost three full years after the expiration of the AEDPA's limitations period and is therefore time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period).

Here, Petitioner filed his first Rule 61 motion on October 16, 2006, more than nine months after the expiration of the AEDPA's limitations period. Petitioner filed his second Rule 61 motion on September 21, 2007, approximately one and one-half

years after the expiration of the AEDPA's limitations period. Thus, Petitioner's two Rule 61 motions do not have any statutory tolling effect under § 2244(d)(2).

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing his Petition. To the extent Petitioner's untimely filing was due to a mistake in his computation of the AEDPA's limitations period, that mistake does not trigger equitable tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, Petitioner has failed to demonstrate that he exercised the requisite diligence necessary to trigger the equitable tolling doctrine. Accordingly, the Court will dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. Rule 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Id.</u>

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.

8