IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY COLLINS, | : |
| Petitioner, | : |
| v. | : Civil Action No. 08-864-JJF |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM ORDER**

Petitioner Johnny Collins has filed a letter "Motion For Reconsideration." (D.I. 38.) For the reasons set forth below, the Court will deny the Motion and decline to issue a certificate of appealability.[1]  See 28 U.S.C. § 2253(c)(2).

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error

---

[1] A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2). The Court is not persuaded that reasonable jurists would disagree with the Court's conclusion that reconsideration is not warranted.

of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).

On December January 4, 2010, the Court denied Petitioner's Section 2254 Petition after determining that the Petition was time-barred. See (D.I. 36; D.I. 37.) In his Motion for Reconsideration, Petitioner contends the Court should excuse the untimely filing of his Petition because he is actually innocent. Specifically, Petitioner contends that he should not have been convicted of first degree rape because the under-age girl involved was the "manipulator, instigator, and perpetrator of seductive out-of-control behavior and actions that ultimately finally took a toll on [Petitioner's] natural libido instincts and impulses that are common in all males, and females of all ages over 12 years old are using this natural tool of nudity to attract, seduce, and get what they want with what they got." (D.I. 38, at p. 3.) According to Petitioner, prior to the girl's allegation of sexual abuse and his arrest, and while he was residing in Georgia, he wrote a seven page letter to the girl's family describing how the girl lied about his behavior in order

to coerce him set up a meeting between the girl and some other man. Petitioner contends that this seven page letter demonstrates his innocence.

As an initial matter, the Court notes that Third Circuit has not yet determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. See, e.g., Horning v. Lavan, 197 Fed. Appx. 90, 2006 WL 2805608, at *4 (3d Cir. Oct. 2, 2006). However, even if a petitioner's actual innocence could equitably toll the AEDPA's limitations period, the Court concludes that such tolling is not warranted in this case because Petitioner's seven page letter and statements passing blame onto the underage victim do not constitute new reliable evidence of his actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995); Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004) (explaining that, to be credible, a petitioner asserting actual innocence must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition). To the extent Petitioner suggests that the Court committed a clear error of law, the Court discerns no such error in its previous decision. Accordingly, the Court concludes that Petitioner has failed to demonstrate that reconsideration of the Court's January 4, 2010 decision is warranted.

NOW THEREFORE IT IS HEREBY ORDERED that:

1.  Petitioner's "Motion For Reconsideration" (D.I. 38) is **DENIED**.

2.  The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

July 13, 2010
DATE

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE